## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD GOODMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12517** |
| **KEITH DEVILLE, WARDEN** | **SECTION:    "T"(5)** |

### <u>REPORT AND RECOMMENDATION</u>

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.    *See* 28 U.S.C. § 2254(e)(2). For the following reasons, it is recommended that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state-court remedies.

### Procedural History

Petitioner, Richard Goodman, is a convicted inmate currently incarcerated at the Winnfield Correctional Center in Winnfield, Louisiana.    On September 29, 2016, he was charged with one count of home invasion, one count of aggravated battery with a dangerous weapon, and one count of simple criminal damage to property ($500-$50,000). [1]    On

---

[1]  State Rec., Vol. 1 of 3, Bill of Information (Orleans Parish).

November 2, 2016, the State amended the bill of information in the following respects: count one was amended to criminal trespass and count two was amended to second-degree battery.     On that same day, Goodman entered a plea of guilty as charged to the three counts as amended.[2]     The minute entry for that date reflects that following a guilty-plea colloquy, Goodman was sentenced to 30 days imprisonment at Orleans Parish Prison on count one; five years imprisonment at hard labor with the Department of Corrections on count two, suspended with five years of active probation; two years imprisonment at hard labor with the Department of Corrections on count three, suspended with five years of active probation; and he was assessed various costs and fees.     The trial court ordered the sentences to run concurrently with credit for time served.

As reflected by docket master and minute entries,[3] Goodman then failed to appear for a probation status hearing set for January 3, 2017.     The trial court issued an alias capias for his arrest with no bond.     The minute entry for February 15, 2017 shows that counsel appeared on Goodman's behalf, explaining that probation had been transferred to the State of Tennessee, and the trial court recalled the alias capias.     On August 28, 2018, Louisiana probation and parole officer, Tonya Ramsey, appeared and filed a warrant for Goodman's

---

[2]     State Rec., Vol. 1 of 3, Minute Entry, 11/2/16; *see also* Felony Waiver of Constitutional Rights Plea of Guilty Form.

[3]     State Rec., Vol. 1 of 3.

arrest.[4]    The trial court issued an alias capias.    Goodman was subsequently arrested. On November 7, 2018, Ramsey filed a motion and order for hearing to revoke Goodman's probation for failure to comply with specified requirements.[5]    On November 27, 2018, the trial court revoked Goodman's probation and made the original sentence executory.    He was ordered to serve the original five-year sentence at hard labor with credit for time served.[6]    On December 5, 2018, Goodman's counsel filed a motion to reconsider revocation of his probation and sentence.[7]    He alleged that because the violations were all technical in nature the revocation of probation was a drastic and unnecessary measure and that even if the court denied the motion to reconsider he should receive credit for time served on probation.[8]    On January 3, 2019, the trial court denied the motion to reconsider.[9] Goodman did not pursue relief in the state courts.

On or about August 21, 2019, he submitted the instant federal application for writ of

---

[4]  State Rec., Vol. 1 of 3, Minute Entry, 8/28/18.

[5]  State Rec., Vol. 1 of 3, Motion and Order for Hearing to Revoke Probation; *see also* Minute Entry, 11/7/18.

[6]  State Rec., Vol. 1 of 3, Minute Entry, 11/27/18.

[7]  State Rec., Vol. 1 of 3.

[8]  State Rec., Vol. 1 of 3, Motion to Reconsider Revocation of Defendant's Probation and Sentence.

[9]  State Rec., Vol. 1 of 3, Minute Entry, 1/3/19.

habeas corpus pursuant to 28 U.S.C. § 2254.[10]    In his application, he raises four grounds for relief:    (1) his sentence imposed upon revocation of probation is illegal because he was not given credit for time served on probation; (2) the trial court committed reversible error in making an unreasonable determination of fact given details provided in a letter outlining his history of supervision in Tennessee; (3) he received an excessive sentence for a technical violation; and (4) the trial court refused to admit evidence that he had paid outstanding fees. The State argues in response that Goodman has failed to exhaust his available state-court remedies as to any of the claims raised in the federal petition and that his claims are in technical procedural default since he may no longer raise the claims in the state courts. Additionally, the State asserts that the issues raised do not present cognizable federal habeas claims for review.[11]    For the following reasons, the Court agrees that the federal application is subject to dismissal without prejudice for failure to exhaust state court remedies.

### Analysis

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must first exhaust his remedies in the state courts before seeking habeas corpus relief from the federal courts. *See* 28 U.S.C. § 2254(b)(1); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir.

---

[10]    Rec. Doc. 1.    Although his application is postmarked September 4, 2019, his application bears a proof of service signed and dated August 21, 2019.

[11]    Rec. Doc. 8.

1997).    As the United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Rose v. Lundy*, 455 U.S. at 518 (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner 'must have fairly presented the substance of his claim to the state courts.' "    *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).    That requirement applies to all levels of review in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "*each* appropriate state court (including a state supreme court with powers of discretionary review)."    *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).    "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.    *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).    Thus, in order to exhaust fully, the substance of the federal habeas claim must be fairly presented to the State's highest court.    *See Whitehead v. Johnson*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)).    In

Louisiana, the highest state court is the Supreme Court of Louisiana.    *See* La. Const. art. V, § 5(A).

Goodman admits he only sought reconsideration of the trial court's ruling that revoked his probation and made the original sentence executory.    The trial court denied reconsideration of that ruling, which Goodman did not challenge further in any state court. He concedes that he did not appeal or file an application for review to higher state courts.[12] The State has provided signed verifications by the Clerks of Court confirming that no writ applications or other proceedings related to Case No. 530-788 were filed by Goodman in either the Louisiana Fourth Circuit Court of Appeal or the Louisiana Supreme Court.[13] Thus, Goodman has not given the state courts, and in particular, the Louisiana Supreme Court, the opportunity to consider or review the four claims included in his federal application for relief.    Accordingly, for the reasons expressed, Goodman has not exhausted his state-court remedies as required by federal law, and his claims should be dismissed without prejudice.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Goodman's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT**

---

[12]  Rec. Doc. 1, Petition, Question 7B.

[13]  State Rec., Vol. 3 of 3. Verifications by Justin Woods, Clerk of Court, Louisiana Fourth Circuit dated November 7, 2019 and John T. Oliver, Clerk of Court, Louisiana Supreme Court dated November 20, 2019.

**PREJUDICE** for failure to exhaust his state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[14]

New Orleans, Louisiana, this ___6th___ day of _____January_____ 2020

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[14] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.